IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAW ENGINEERING AND ENVIRONMENTAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-145C (Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in the introductory paragraph of plaintiff's complaint contain no allegations requiring a response. To the extent the introductory paragraph may be deemed to contain allegations requiring a response, they are denied.

1. The allegations contained in paragraph 1 constitute conclusions of law and/or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits that LAW submitted a request for equitable adjustment on or about June 2, 2003 concerning contracts C-OPC-21874, 21913, 21914, and 21915. The remaining allegations contained in paragraph 2 constitute conclusions of law and/or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law and/or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 9.

10. Denies.

11. Admits the allegations contained in paragraph 11 to the extent supported by the Request for Equitable Adjustment cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 constitute conclusions of law and/or plaintiff's characterization of its REA to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits the allegations contained in paragraph 13 to the extent supported by the HUD letter dated July 17, 2003, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Denies. Defendant affirmatively states that HUD notified LAW prior to July 16, 2003 that the Department had exercised the option to extend the term of the contracts for an additional year.

15. Admits the allegations contained in paragraph 15 to the extent supported by LAW's August 29, 2003 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Denies. Defendant affirmatively states that the DCAA auditor assigned to review the REA was unable to complete her audit of the REA in October 2003 because the documents provided by LAW were incomplete.

17. Denies.

18. Admits the allegations contained in paragraph 18 to the extent supported by the January 9, 2004 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits the allegations contained in the first and second sentences of paragraph 20. Denies the allegations contained in the third sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

**Appeal Issues**

**O/A Caused Schedule Delay and Disruption**

21. Admits the allegations contained in paragraph 21 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 21.

22. Denies the allegations contained in the first sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the second sentence of paragraph 22.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits that LAW notified HUD of its belief that the company incurred delays. Denies the remaining allegations contained in paragraph 25.

26. Denies. HUD affirmatively states that it was not contractually obligated to ensure that the owners and property managers did not delay the work. HUD further affirmatively states that, to the extent LAW experienced problems with the owners and property managers, those problems were caused in whole, or in part, by LAW. In addition, HUD affirmatively states that it provided partial relief to LAW even though the Department was not contractually obligated to do so.

27. Admits the allegations contained in paragraph 27 to the extent supported by the RFP Amendment No. 2 cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 27.

28. Denies.

29. Denies.

30. Denies.

31. Denies.

32. The allegations contained in paragraph 32 are conclusions of law and/or plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Inappropriate Imposition of Contract Penalties**

33. Admits the allegations contained in paragraph 33 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 33.

34. Admits.

35. The first sentence of paragraph 35 contains no allegation of fact requiring a response; to the extent that the first sentence may be deemed to be an allegation of fact, it is denied. Denies the allegations contained in the second sentence of paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 35.

36. Denies.

37. Denies.

38. Denies.

39. The allegations contained in paragraph 39 are conclusions of law and/or plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Failure To Define Acceptable Quality Level**
**For Evaluation Requirements/Impracticability**

40. Admits the allegations contained in paragraph 40 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 40.

41. Denies the allegations contained in the first sentence of paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth. Regarding the allegations contained in the second sentence of paragraph 41, admits that LAW submitted a Quality Control Manual. Denies the remaining allegations contained in the second sentence of paragraph 41.

42. Denies.

43. Denies.

44. Denies.

45. Denies.

46. Denies the allegations contained in the first sentence of paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth. Regarding the allegations contained in the second sentence of paragraph 46, admits that the Department refused to accept reports that failed to meet the applicable testing standards. Denies the remaining allegations contained in the second sentence of paragraph 46.

47. The allegations contained in paragraph 47 are conclusions of law and/or plaintiff's characterization of its case, to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied. Denies footnote 1 to paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

**Increased Number Of Reports**

48. Admits the allegations contained in paragraph 48 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 48.

49. Denies.

50. Denies the allegations contained in the first sentence of paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remaining allegations contained in paragraph 50.

51. Denies the allegations contained in the first, second and third sentences of paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fourth sentence of paragraph 51.

52. Denies the allegations contained in the first sentence of paragraph 52. Denies the allegations contained in the second sentence of paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 52.

53. HUD denies the allegations contained in the paragraph 53 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

54. The allegations contained in paragraph 54 are conclusions of law and/or plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Extra Work Regarding Data Bulk Copy Process**

55. Admits the allegations contained in the first sentence of paragraph 55. Admits the allegations contained in the second sentence of paragraph 55 to the extent that they are supported by the June 6, 2001 proposal cited, which is the best evidence of its contents; otherwise denies

the allegations contained in the second sentence of paragraph 55. Admits the third sentence of paragraph 55.

56. Admits the allegations contained in the first and second sentences of paragraph 56 to the extent they are supported by the Cure Notice, Cure Notice Response, and Modification Number 2 cited, which are the best evidence of their contents; otherwise denies the allegations contained in first and second sentences of paragraph 56. Denies the allegations contained in the third sentence of paragraph 56.

57. Denies.

58. Admits the allegations contained in the first sentence of paragraph 58 to the extent they are supported by the April 9, 2002 e-mails cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence. Admits the allegations contained in the second sentence of paragraph 58 to the extent they are supported by the Modification 3 cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 58. Denies the allegations contained in the third sentence of paragraph 58.

59. Denies.

60. Denies.

61. The allegations contained in paragraph 61 are conclusions of law and/or plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Extra Work, Delay and Disruption Resulting From HUD Caused Inefficiencies**

62. Denies.

63. Denies.

64. Denies.

65. Admits the allegations in the first sentence of paragraph 65 to the extent they are supported by the contracts cited, which are the best evidence of their contents; otherwise denies

the allegations contained in the first sentence of paragraph 65. Admits the second sentence of paragraph 65. Denies the allegations contained in the third and fourth sentences of paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. Denies the allegations contained in the first sentence of paragraph 66. Denies the allegations contained in paragraph 66 for lack of knowledge or information sufficient to form a belief as to their truth.

67. Denies the allegations contained in the first sentence of paragraph 67. Regarding the allegations contained in the second sentence of paragraph 67, admits that Richard Garrison assumed the responsibility of contract manager after James Justus. Denies the remaining allegations contained in the second sentence of paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.

68. Denies the allegations contained in the first and second sentences of paragraph 68. Admits the allegations contained in the third sentence of paragraph 68. Denies the allegations contained in the fourth, fifth, and sixth sentences of paragraph 68.

69. Denies.

70. Denies.

71. The allegations contained in paragraph 71 are conclusions of law and/or plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Count I**
**<u>O/A Caused Schedule Delay and Disruption</u>**

72. Defendant's responses to paragraphs 1 through 71 of the complaint are incorporated by reference.

73. Denies.

74. Denies.

75. Denies.

76. Denies.

**Count II**
**Contract Penalties**

77. Defendant's responses to paragraphs 1 through 76 of the complaint are incorporated by reference.

78. Denies.

79. Denies.

80. Denies.

**Count III**
**Failure To Define Acceptable Quality Level**
**For Evaluation Requirements/Impracticability**

81. Defendant's responses to paragraphs 1 through 80 of the complaint are incorporated by reference.

82. Denies.

83. Denies.

84. Denies.

85. Denies.

**Count IV**
**Increased Number of Reports**

86. Defendant's responses to paragraphs 1 through 85 of the complaint are incorporated by reference.

87. Denies.

88. Denies.

89. Denies.

**Count V**
**Extra Work Regarding Data Bulk Copy Process**

90. Defendant's responses to paragraphs 1 through 89 of the complaint are incorporated by reference.

91. Denies.

92. Denies.

93. Denies.

**Count VI**
**Extra Work, Delay and Disruption Resulting From HUD Caused Inefficiencies**

94. Defendant's responses to paragraphs 1 through 93 of the complaint are incorporated by reference.

95. Denies.

96. Denies.

97. Denies.

98. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 97, or to any relief whatsoever.

99. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/Bryant G. Snee

BRYANT G. SNEE
Assistant Director

/s/Gregory T. Jaeger

GREGORY T. JAEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-7955

May 20, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 20, 2004, a copy of foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Gregory T. Jaeger