IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LAW ENGINEERING AND ENVIRONMENTAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-145C<br>Chief Judge Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

The parties, having met on July 21, 2004, August 3, 2004, and October 6, 2004, respectfully provide the following report pursuant to Section III, Appendix A, of the Rules of the United States Court of Federal Claims, and the Court's Standard Special Procedures:

a. Jurisdiction: Plaintiff, Law Engineering and Environmental Services, Inc. ("LAW"), bases the Court's jurisdiction on the Tucker Act, 28 U.S.C. § 1491(a)(2), and the Contract Disputes Act, 41 U.S.C. § 609. Jurisdiction is proper under those statutes because the case involves review of the deemed denial of a Request for Equitable Adjustment and Contracting Officer's Final Decision (the "REA") concerning Contract Nos. C-OPC-21874, 21913, 21914, and 21915 ("Contracts") submitted by LAW to HUD on or about June 2, 2003. Defendant, the United States, has identified no reason to question the jurisdiction of this Court at this time.

b. Consolidation: The parties believe that this case need not be consolidated with any other case.

c. Bifurcation: Plaintiff believes that bifurcation is unnecessary. Defendant states that, at present, bifurcation is unnecessary; however, defendant further states that, depending upon the liability issues that present themselves for trial, bifurcation may become appropriate at a later time.

d. Deferral: The parties do not believe that further proceedings in this action should be deferred pending consideration of another case before this Court, or any other tribunal. The parties do not believe that there is any basis for transferring or remanding the case to another tribunal. The parties are not aware of any related cases in this or any other tribunal.

e. Remand/Suspension: The parties do not intend to request a remand or a suspension in this case.

f. Additional Parties: The parties do not anticipate joining any additional parties to this lawsuit.

g. Dispositive Motions: At the present time, plaintiff believes it is unlikely that this case will be resolved by dispositive motion. However, plaintiff wishes to reserve its right to file a dispositive motion pursuant to Rule 56 within 30 days of the close of discovery. At present, defendant is not in a position to determine whether it will file a dispositive motion. However, defendant will file such a motion within 30 days after the close after discovery, if the evidence warrants.

h. Relevant Factual and Legal Issues: LAW states that it seeks review of the deemed denial of its REA, in which it contended that HUD constructively changed and breached the Contracts with LAW by (1) failing to compensate LAW for certain HUD- and third-party-caused

delays; (2) imposing inappropriate contract penalties on LAW; (3) failing to define an Acceptable Quality Level and by unreasonably demanding perfection by LAW in its evaluations and reports; (4) providing to LAW negligently-prepared information; (5) requiring additional work by LAW without compensation; and (6) failing to respond in a timely manner to various issues that arose during LAW's performance of the Contracts.

Defendant states that LAW has failed to establish both entitlement and quantum with respect to its claims. In particular, defendant denies that it was responsible for any delay suffered by LAW on the project and states that the electronic method by which LAW seeks to prove its delays is unreliable. Defendant states that the imposition of contract penalties was justified by LAW's late performance of its obligations pursuant to the contract. Defendant also states that the Acceptable Quality Level for contract reports was reasonable and that defendant enforced the quality standards in a reasonable manner. Defendant denies providing to LAW any negligently prepared information or requiring LAW to perform work not required by the contract without appropriate compensation. Finally, defendant denies that it failed to respond in a timely manner to any issue that LAW raised during its contract performance.

Accordingly, defendant believes the relevant issues in this litigation to be:

1. Whether HUD effected a constructive change to, or committed a breach of, any of the Contracts at issue.

2. Assuming such a constructive change or breach occurred, what is the amount of damages suffered by LAW?

i. The parties and their principals met on July 21, 2004, August 3, 2004, and October 6, 2004 to explore informal resolution of this case. During these meetings, the parties and their principals discussed in detail plaintiff's claims and defendant's defenses thereto. Although these discussions did not result in settlement, the parties intend to continue informal discussions as the litigation proceeds. Plaintiff is willing to engage in mediation, but does not believe that arbitration is appropriate for this matter. At this time, defendant cannot state whether settlement is likely. Defendant is willing to participate in the Court's ADR program or meetings with a settlement judge, and to consider a third party neutral or other court-appointed experts/neutral fact finders. Defendant does not believe that arbitration, a mini-trial, or a paper trial is appropriate for this case.

j. See Joint Proposed Scheduling Plan below.

k. At this time, the parties are aware of no special issues regarding electronic case management needs. The parties note, however, that due to its size, the Appendix to this JPSR cannot be filed electronically or on a CD-Rom. A copy will be filed with the Court, with instructions that it be delivered to Chambers.

l. The parties are aware of no other information of which the Court should be aware at this time. As noted, the parties have met face-to-face on 3 separate occasions in an attempt to resolve the matter short of moving forward with the litigation. The parties have exchanged their initial productions of documents and information.

The parties estimate the following time frames: (1) discovery to be completed by July 1, 2005; (2) trial (including post-trial briefing) to be completed by November 30, 2005; and

(3) appellate briefing, if any, to be completed by May 31, 2006. Defendant estimates that its costs through discovery will be less than $50,000, less than $100,000 through the end of trial, and less than $120,000 through appeal. Counsel for the defendant certifies that he has discussed these estimates with the agency. Plaintiff estimates that it will incur costs for (1) document production, (2) depositions and associated travel, as appropriate, and (3) expert witnesses, if needed. At this time, plaintiff is unable to identify precisely the amount of these costs. Counsel for plaintiff certifies that he has discussed estimated fees and costs with his client.

**Joint Preliminary Status Conference**

The parties propose October 27, 28, or 29, 2004 for a joint preliminary status conference.

**Joint Proposed Scheduling Plan**

Pursuant to paragraph 5 of Appendix A and paragraph 7(e) of the Court's Standard Special Procedures, the parties propose the following scheduling plan:

i. The parties do not anticipate joining any additional parties to this lawsuit.

ii. Discovery Plan:

1. The parties have exchanged their initial productions of documents and information.

2. The parties do not believe that a dispositive motion may be filed after conducting limited discovery on a particular issue, but wish to reserve the right to file such a motion after the parties have engaged in discovery.

3. The parties do not believe that discovery should be conducted in phases.

4. The parties propose a fact discovery deadline of March 31, 2005.

5. The parties propose April 5, 6, or 7, 2005 for a status conference after the close of fact discovery.

6. At the present time, plaintiff believes it is unlikely that this case will be resolved by dispositive motion. However, plaintiff wishes to reserve its right to file a dispositive motion pursuant to Rule 56 within 30 days of the close of fact and expert discovery, August 1, 2005. At present, defendant is not in a position to determine whether it will file a dispositive motion. However, defendant will file such a motion within 30 days after the close of fact discovery, if the evidence warrants.

7. Plaintiff expects to call expert witnesses. Defendant is not in a position at this time to determine whether it will call an expert witness. The parties propose that the requirements of Rule 26(a)(2) regarding experts should apply, and that plaintiff's Rule 26(a)(2)(B) report be served on or before April 30, 2005. If necessary, defendant's Rule 26(a)(2)(B) report shall be served on or before May 31, 2005.

8. The parties propose that depositions or other discovery of expert witnesses be concluded on or before July 1, 2005.

9. Plaintiff proposes that each party should be limited to 10 depositions and twenty-five (25) interrogatories due to the multiple changes in HUD and LAW personnel over the course of the Contracts. Defendant proposes that the parties should be limited to 5 depositions and 25 interrogatories. The parties understand that one or both parties may seek leave from the Court to increase this limit at a future time. The parties further propose that the standard limits on discovery, pursuant to the Court's rules, shall otherwise apply.

10. The parties do not anticipate that a physical or mental examination of parties is needed.

11. The parties propose that all discovery be completed on or before July 1, 2005.

12. At this time, the parties are not aware of any other matters pertinent to the completion of the discovery.

iii. The parties estimate that the case should reasonably be expected to be ready for trial by October 1, 2005.

iv. The parties estimate that it would take approximately 7-10 days to try this case to judgment.

v. The parties request the trial to be located in Washington, D.C.

vi. The parties are aware of no other matters that should be included in the scheduling plan.

Appendix

Accompanying this filing is an Appendix containing (A) the REA (which includes relevant correspondence between the parties and certain damage computations), (B) the Contracts, and (C) Chapter 7 of HUD's Guidelines for the Evaluation and Control of Lead-Based Paint Hazards in Housing. LAW intends to submit an Amended Complaint with revised damage computations, but has not yet done so in light of the continuing and productive settlement discussions between the parties.

Respectfully submitted,

/s/ Michael A. Hordell

MICHAEL A. HORDELL
Pepper Hamilton LLP
600 14th Street, N.W., Suite 500
Washington, DC 20005-2004
Telephone: (202) 220-1200
Facsimile: (202) 220-1665

Attorney for Law Engineering and
Environmental Services, Inc.

Of Counsel:
Charles H. Carpenter
Laura L. Hoffman
Jennifer W. Persico

Dated: October 12, 2004

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Bryant G. Snee

BRYANT G. SNEE
Assistant Director

/s/ Gregory T. Jaeger

GREGORY T. JAEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-7955
(202) 353-7988 (Facsimile)

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on October 12, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Gregory T. Jaeger